MATTER OF W—

In VISA PETITION Proceedings

A-10073806

*Decided by Board May 22, 1962*

Visa petition—Section 205(c), 1952 act, as amended—Retrospective as well as prospective in application.

Beneficiary, in 1957, was accorded nonquota status as the spouse of a United States citizen under section 101(a)(27)(A) in connection with adjustment of status under section 245 of the 1952 Act. That adjustment was based upon her marriage to a United States citizen which was entered into for the purpose of evading the immigration laws. A visa petition on her behalf by a United States citizen spouse to whom she was subsequently married may not be approved because of the proscription of section 205(c), as amended by section 10 of the Act of September 26, 1961. That statute has retrospective as well as prospective application to nonquota status previously acquired by virtue of a sham marriage.

## BEFORE THE BOARD

**DISCUSSION:** The case comes forward on appeal from the order of the District Director, New York District, dated April 3, 1962, denying the visa petition for the reasons set forth in the order which will be referred to below.

The petitioner, a native-born citizen of the United States, filed a Form I–130, petition to classify status of alien for issuance of immigrant visa, on January 8, 1962. He seeks nonquota status on behalf of his spouse, the beneficiary, a native and citizen of Jamaica, British West Indies. The parties were married on January 1, 1960, at New York, New York. The petition sets forth that he was married once previously and the beneficiary twice previously. The petitioner's prior marriage was terminated by decree of divorce entered September 30, 1959, in the Circuit Court, 10th Judicial District of Alabama.

The file relating to the beneficiary discloses that she was actually married three times previously. Her first marriage to D—B— was terminated on July 18, 1943, by death; her second marriage, to B—G—W—, was terminated by decree of divorce in the Circuit Court of Russell County, Alabama, on June 12, 1956; her third mar-

702

riage, to J—F—R—, a native-born citizen of the United States, was terminated by his death on April 13, 1958.

The order of the District Director, New York District, dated April 3, 1962, reflects that the beneficiary was admitted to the United States as a nonimmigrant visitor on August 6, 1954. On January 17, 1957, she applied for adjustment of her status to that of a lawful permanent resident under section 245 of the Immigration and Nationality Act, claiming that she was entitled to nonquota classification on the basis of her marriage to R—, a United States citizen. (The application indicates that her status was changed to that of a student on September 6, 1954.) Her application was granted and her status was adjusted to that of a permanent resident on August 7, 1957. Thereafter, as the result of an investigation conducted by the Service and by a special grand jury, evidence was obtained that the beneficiary's marriage to R— was a sham marriage. The beneficiary, in sworn statements made before a Service officer on June 3, 1959, and on October 6, 1960, admitted that she had paid the sum of $500 to a third party for the purpose of arranging the marriage in order to obtain permanent residence in the United States. She admitted that pursuant to this arrangement she married R— on November 28, 1956, without any intention of living with him and that she had never had any marital relations with him. (Action has been instituted by the Service to rescind her adjustment of status pursuant to section 246 of the Immigration and Nationality Act.) The order of denial of the District Director is predicated upon section 205(c) of the Immigration and Nationality Act, as amended by section 10 of the Act of September 26, 1961, providing that no petition shall be approved if the alien previously has been accorded, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, a nonquota status under section 101(a)(27)(A) as the spouse of a citizen of the United States. The order concludes that since the beneficiary previously on August 7, 1957, was accorded nonquota status through the adjustment of her status to that of a lawful permanent resident, such adjustment being based upon her marriage to a United States citizen, which, by her own admission, was entered into for the purpose of evading the immigration laws, that pursuant to section 205(c) the present visa petition may not be approved.

In connection with the appeal, petitioner has filed a brief in which he points out that he married the beneficiary in good faith on January 1, 1960; that the amendment to section 205(c) of the Immigration and Nationality Act, on which the denial of the visa is based, was not enacted until September 26, 1961. He points out that his marriage preceded the enactment of the amendment and at the time of his marriage his wife was eligible for nonquota status. He argues

that the amendment cannot be applied retroactively and suggests that a true construction of the amendment should be that the one who makes application for an alien, who was married subsequent to September 26, 1961, for the purpose of evading the immigration laws, would be barred from obtaining nonquota status.

Section 205(c), as amended by section 10 of the Act of September 26, 1961, provides that no petition shall be approved if the alien previously has been accorded, by reason of marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws, a nonquota status under section 101(a)(27)(A) as the spouse of a citizen of the United States. On its face, the statute has retrospective as well as prospective application to nonquota status previously acquired by virtue of a sham marriage. There is no support either in the statutory language or in the legislative history for the position argued for by the petitioner.[1] The retrospective or retroactive application of immigration laws has received judicial sanction.[2]

In the instant case, the beneficiary was previously accorded nonquota status as the spouse of a United States citizen under section 101(a)(27)(A) in connection with her application for adjustment of status to that of a lawful permanent resident pursuant to section 245 of the Immigration and Nationality Act. The evidence establishes that the previous marriage to a citizen was entered into for the purpose of evading the immigration laws. The case falls within the proscription of section 205(c), as amended by section 10 of the Act of September 26, 1961. The appeal from the denial of the visa petition will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[1] 2 U.S. Code Congressional and Administrative News (87th Cong., 1st Sess., 1961, p. 2980) states that section 10 proposes to strengthen the existing law by giving the Attorney General a new legal instrumentality to counteract the increasing number of fraudulent acquisitions of nonquota status through sham marriages between aliens and United States citizens.

[2] *United States ex rel. Harisiades* v. *Shaughnessy*, 342 U.S. 580; *Galvan* v. *Press*, 347 U.S. 522; *Marcello* v. *Bonds*, 349 U.S. 302; *Lehman* v. *Carson*, 353 U.S. 685.